IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

BEAUMONT DIVISION

RICHARD MAURICE DAVIS § 
VS. § CIVIL ACTION NO. 1:07cv570
JOHN B. FOX §

## MEMORANDUM ORDER REGARDING TRANSFER

Petitioner Richard Maurice Davis, an inmate confined at the Federal Correctional Complex in Beaumont, Texas, proceeding *pro se*, filed this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.

## Discussion

Petitioner filed this petition challenging a detainer issued in the State of Missouri. Petitioner contends that authorities in Jackson County, Missouri are refusing to comply with requirements under the Interstate Agreement on Detainers Act by not dismissing the charges and removing the detainer against him.

## Analysis

Section 2241 provides the general jurisdictional basis for federal courts to consider challenges to both state and federal judgments. Section 2241(a) provides that "[w]rits of habeas corpus may be granted by the Supreme Court, any justice thereof, the district courts and any circuit judge within their respective jurisdictions." To entertain a 2241 habeas petition, the district court must have jurisdiction over the prisoner or his custodian. *United States v. Gabor*, 905 F.2d 76, 78 (5th Cir. 1990).

In *Braden v. 30th Judicial Cir. Ct.*, 410 U.S. 484, 495, 93 S.Ct. 1123, 35 L.Ed.2d 443 (1973), the Court was presented with a question of an inmate in one state challenging a criminal case in another state.  In *Braden*, the Court addressed the issue of whether a district court in one state could have jurisdiction over a prisoner in custody in another state where that prisoner challenged a detainer issued by the first state.  The Court interpreted § 2241 permit both the district court in the district of confinement and the district court in the state which lodged the detainer to have jurisdiction to entertain a federal habeas corpus action.  *See Milstead v. Rison*, 702 F.2d 216, 217 (11th Cir. 1983).  "In reaching its conclusion that the prisoner could attack the interstate detainer in a district court located within the state issuing the detainer, though the prisoner is confined in another state, the Supreme Court looked to the text of 28 U.S.C. § 2241(a)." *Wadsworth v. Johnson*, 235 F.3d 959, 962 (5th Cir. 2000).  The Supreme Court then used traditional venue principles to reach its conclusion that it could not assume that Congress intended to require a state to defend its action in a distant state and to preclude resolution of the dispute by a federal judge familiar with the laws and practices of the first state.  *Id*.

In the case of a detainer, the State holding the prisoner in immediate confinement acts as agent for the demanding State, and the custodian State is presumably indifferent to the resolution of the prisoner's attack on the detainer.  *Braden*, 410 U.S. at 499. "[A] habeas petitioner who challenges a form of 'custody' other

than present physical confinement may name as respondent the entity or person who exercises legal control with respect to the challenged 'custody.'" *Rumsfeld v. Padilla*, 524 U.S. 426, 438 (2004). Here, Petitioner is in the immediate custody of prison officials in this District because he is confined at the Federal Correctional Complex in Beaumont, Texas. Petitioner, however, challenges a form of custody other than his present physical confinement. Thus, the most proper forum in this action is the state of the challenged custody, the State of Missouri.

Here, petitioner challenges the validity of detainer issued in the state of Missouri. While jurisdiction is proper in the Eastern District of Texas because the prisoner is confined within the district court's territorial boundaries, the court has considered the circumstances and has determined that the interest of justice would best be served if this petition were transferred to the division in which the detainer was issued.

Under 28 U.S.C. § 1404(a), for the convenience of parties and witnesses and in the interest of justice, a district court may transfer any civil action to any other district or division where it could have been brought. Such a transfer may be done *sua sponte* and is reviewable only for an abuse of discretion. *Mills v. Beech Aircraft Corp.*, 886 F.2d 758, 761 (5th Cir. 1989).

The detainer which forms the basis of this petition charges in Jackson County, Missouri. Pursuant to 28 U.S.C. § 105, Jackson County is in the Western Division of the United States District Court for the Western District of Missouri. Therefore, it is the

3

opinion of the undersigned that this petition should be transferred to the United States District Court for the Western District of Missouri, Western Division.  An Order of Transfer so providing shall be entered in accordance with this Memorandum Order.

    **SIGNED** this __27__ day of __December__, 2007.

                                                      _/s/ Earl S. Hines_
                                                    EARL S. HINES
                                                    UNITED STATES MAGISTRATE JUDGE